﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/19 Archive Date: 12/31/19

DOCKET NO. 191017-38254
DATE: December 31, 2019

ORDER

Entitlement to service connection for hearing loss is denied.

Entitlement to service connection for tinnitus is denied.

FINDINGS OF FACT

1. The Veteran did not demonstrate a hearing loss for VA purposes in service, a compensably disabling sensorineural hearing loss was not demonstrated within a year of separation from active duty, and the preponderance of the competent evidence is against finding that a current hearing loss disability is related to service.

2. The Veteran did not demonstrate tinnitus in service, compensably disabling tinnitus was not demonstrated within a year of separation from active duty, and the preponderance of the competent evidence is against finding that tinnitus is related to service.

CONCLUSIONS OF LAW

1. A bilateral hearing loss was not incurred in or aggravated by service, nor may a bilateral sensorineural hearing loss be presumed to have been so incurred. 38 U.S.C. §§ 1110, 1131, 1137, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.304, 3.307, 3.309, 3.385.

2. Tinnitus was not incurred in or aggravated by service, and it may not be presumed to have been so incurred. 38 U.S.C. §§ 1101, 1110, 1112, 1113, 1131, 1137, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.307, 3.309.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active military service from April 1964 to April 1967.

These matters come before the Board of Veterans’ Appeals (Board) on appeal from a September 2019 decision by a Department of Veterans Affairs (VA) Regional Office (RO). 

Hearing loss 

The Veteran contends that he incurred a hearing loss disability during his active duty service.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for veterans dissatisfied with VA's decision on their claim to seek review. In October 2019 the claimant elected to have his claim reviewed as a direct appeal. As such, the Board may consider only the evidence available at the time of the September 2019 rating decision. 

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303 (a). Establishing service connection generally requires competent evidence of three things: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship, i.e., a nexus, between the claimed in-service disease or injury and the current disability. Holton v. Shinseki, 557 F. 3d 1362, 1366 (Fed. Cir. 2009); 38 C.F.R. § 3.303 (a). 

Pursuant to 38 C.F.R. § 3.303 (b), where a chronic disease is shown as such in service, subsequent manifestations of the same chronic disease are generally service connected. 

A sensorineural hearing loss may be presumed to have been incurred inservice if it was compensably disabling within a year of a Veteran’s separation from active duty. 38 C.F.R. §§ 3.307, 3.309(a).

For the purposes of applying the laws administered by VA, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies at 500, 1000, 2000, 3000, or 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies at 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385. Even though a disabling hearing loss was not demonstrated at separation, a Veteran may, nevertheless, establish service connection for a current hearing disability by submitting evidence that a current disability is related to service. Hensley v. Brown, 5 Vet. App. 155 (1993).

Service personnel records show that the appellant served as a military policeman.

Service treatment records are silent for any complaints, diagnosis, and findings of hearing loss.

Post service treatment records are silent for any complaints, diagnosis, and findings of hearing loss.

In September 2019, the Veteran was afforded a VA audiological examination. Audiometric testing performed revealed evidence of a bilateral hearing loss for VA purposes. 38 C.F.R. § 3.385. Following the examination, the examiner noted that the claimant was exposed to noise inservice given his duties as a military policeman, and his varied weapons qualifications. The examiner further noted that the claimant did not use hearing protection inservice. Despite these factors, the examiner noted that the service treatment records showed normal hearing with no significant threshold shift inservice. The examiner then opined that, while noise exposure was conceded, hearing loss due to noise exposure occurs immediately. The examiner further found that there was no evidence to support delayed onset on noise induced hearing loss years after the exposure. As such, the examiner opined that the Veteran's hearing loss is likely due to other factors. There is no competent evidence to the contrary.

In this case, the Veteran service treatment records are silent for complaints, findings, and diagnosis of hearing loss. Post service records are silent of complaints, findings, and diagnosis of hearing loss until the September 2019 VA examination. Most significantly, there is no medical or other competent evidence linking a hearing loss to service. Rather, the medical evidence preponderates against the claim. Without competent evidence linking the claimed hearing loss to service, service connection cannot be granted. 

In reaching this decision the Board acknowledges that the Veteran is competent to describe experiencing load noise during service, however, as a lay person, his opinion as to the etiology of his present hearing loss is not a competent medical opinion. In this regard, determining the etiology of hearing loss requires an audiological examination and testing by a qualified professional. See Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007) (noting general competence to testify as to symptoms but not to provide medical diagnosis). As noted above, the most probative evidence of record comes from the audiological examination the Veteran has undergone rather than from his subjective assessment of the extent of his hearing loss.

For the foregoing reasons, the Board finds that the preponderance of the competent evidence demonstrates that the Veteran’s hearing loss is not related to service. The claim is denied.

In reaching this decision the Board considered the doctrine of reasonable doubt, however, as the preponderance of the evidence is against the appellant’s claim, the doctrine is not for application. Gilbert v. Derwinski, 1 Vet.App. 49 (1990).

Tinnitus 

The Veteran contends that tinnitus is related to active duty service.

The requirement that a current disability exist is satisfied if the claimant had a disability at the time his claim for VA disability compensation was filed or during the pendency of the claim. McClain v. Nicholson, 21 Vet. App. 319, 321 (2007). 

Tinnitus may be presumed to have been incurred inservice if the respective disorder was compensably disabling within a year of a veteran’s separation from active duty. 38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309.

Service treatment records are silent of complaints, diagnosis, and findings of tinnitus.

Post service treatment records are silent of complaints, diagnosis, and findings of tinnitus.

A VA examination was conducted in August 2019. Following that examination the examiner opined that it was less likely than not tinnitus was caused by or a result of military noise exposure. Following the examination, the examiner acknowledged the fact that the claimant was exposed to noise inservice given his duties as a military policeman, and his varied weapons qualifications. The examiner further noted that the claimant did not use hearing protection inservice. Despite these facts the examiner opined that tinnitus was not related to service because the disorder would have had its onset inservice or shortly after service. There was no complaint or evidence of tinnitus in service or within a reasonable time post active duty, therefore the veteran's tinnitus is likely due to other cause.

In this case, the service treatment records reveal no complaints, findings or diagnoses of tinnitus. Post service treatment records are silent for complaints, findings, and diagnoses of tinnitus prior to 2019, i.e., decades after the appellant’s separation from active duty. The lack of medical findings of any diagnosis or treatment of tinnitus for many years after service is probative evidence against the claim. Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000). 

While the appellant is competent to report having tinnitus while on active duty, the Board finds the lack of any complaints recorded in the service treatment records to be of greater probative value. Further, the lack of any medical records showing any complaints of tinnitus for decades postservice is evidence against the claim. Finally, as the only competent medical evidence addressing the etiology of tinnitus is against the claim, the Board finds that the preponderance of the evidence is against the claim. 

In arriving at this decision, the Board considered the doctrine of reasonable doubt. That doctrine is only invoked, however, where there is an approximate balance of evidence which neither proves nor disproves the claim. In this case, the preponderance of the evidence is against the Veteran’s claim. Therefore, the doctrine of reasonable doubt is not applicable. 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102.

The claim is denied.

 

 

DEREK R. BROWN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Department of Veterans Affairs

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.